IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Thomas B. McNamara

In re:                                            )
                                                  )
PETER H. BLAIR,                                   )      Case No. 15-15008 TBM
                                                  )      Chapter 7
            Debtor.                               )
                                                  )
_____

**ORDER DENYING SUELLA CROWLEY BLAIR'S MOTION TO INTERVENE AND
MOTION TO RECONSIDER CONVERSION**
_____

I.       INTRODUCTION

      The death of Debtor Peter H. Blair (the "Debtor") during the early stages of his bankruptcy case has created a series of challenging legal issues at the undeveloped intersection of bankruptcy and probate law.  Prior to his demise (and in another forum), the Debtor was engaged in internecine litigation with his own offspring by his former (deceased) spouse, Audrey R. Blair.  The Debtor's children successfully alleged that the Debtor had breached fiduciary duties and engaged in self-dealing effectively robbing the children of part of their substantial inheritance.  The Debtor suffered an adverse surcharge judgment of $2,372,688 which prompted the Debtor's petition for reorganization under Chapter 11 of the Bankruptcy Code.  Shortly after his death, the Court converted this case to a Chapter 7 liquidation.

      Now, the Debtor's second wife and widow, Suella Crowley Blair (in various capacities), seeks authorization to "intervene generally" in the administration of this case.  Furthermore, if general intervention is granted, she requests that the Court reconsider and vacate the key decision converting this proceeding from Chapter 11 to Chapter 7.  Mrs. Crowley Blair insists that dismissal of this case is the only permissible course.  Creditors holding the vast majority of the claims in this case disagree.

      So, the threshold question is this:  May Suella Crowley Blair intervene generally in her deceased husband's Chapter 7 liquidation proceeding?  Mrs. Crowley Blair admits that she is not a creditor in this bankruptcy case.  She concedes that she is not a party in interest either.  In state court, Mrs. Crowley Blair has applied for approval as the personal representative of her husband's separate probate estate.  However, her appointment is contested by the Debtor's children.  As a result, a neutral special administrator has been appointed on a temporary basis to administer the Debtor's probate estate.  So, as it stands now, Mrs. Crowley Blair is not a personal representative or administrator for her husband's probate estate.

      Suella Crowley Blair proposes to intervene generally as "Trustee of the Peter H. Blair Retirement Trust #1, as Trustee of the Peter H. Blair Revocable Trust, and as nominee personal representative [of the Debtor's probate estate]."  As set forth below, and based upon the record

developed in this case, the Court exercises its discretion and determines that Mrs. Crowley Blair's purported interests are so attenuated and indirect that general intervention is not warranted in this case. Mrs. Crowley Blair (in her various capacities) also does not have a sufficient basis to intervene in case administration matters (including the decision to convert from Chapter 11 to Chapter 7). Accordingly, the Court denies both the pending "Motion to Intervene Pursuant to Fed. R. Bankr. P. 2018(a)" (Docket No. 182, the "Motion to Intervene") and the "Motion Seeking Relief from Order Converting Case Under Chapter 11 to Case Under Chapter 7 Pursuant to Fed. R. Civ. P. 60(b)(4) and (6) and Fed. R. Bankr. P. 9024" (Docket No. 183, the "Motion to Reconsider").

## II.    JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. The matters raised in and by the Motion to Intervene and the Motion to Reconsider are core proceedings under 28 U.S.C. §§ 157(b)(2)(A) and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.    BACKGROUND

A.    The Pre-Petition Probate Surcharge Judgment.

The Debtor was married to Audrey R. Blair from 1950 until her death in 2007. They had three children: Peter Heyliger Blair, Jr. ("Hy Blair"), Christopher Blair ("Christopher Blair"), and Audrey Black ("Audie Black"). At her death, Audrey R. Blair's substantial assets passed (at least in part) to the Audrey R. Blair Revocable Trust (the "ARB Revocable Trust") and at least two sub-trusts: the GST-Exempt Marital Trust (the "GST Exempt Trust") and the Non-Exempt Marital Trust (the "Non-Exempt Trust"). Together the ARB Revocable Trust, the GST Exempt Trust and the Non-Exempt Marital Trust are referred to hereinafter as the ARB Trusts. The Debtor acted as a trustee of the ARB Trusts from 2007 until 2011.

In 2012 (after the Debtor married Suella Crowley Blair), Hy Blair, as the trustee of the ARB Trusts, brought an action against his father, the Debtor, in the Probate Court for the City and County of Denver (the "Probate Court"): *In the Matter of The Audrey R. Blair Revocable Trust, GST-Exempt Marital Trust, and Non-Exempt Marital Trust*, Case No. 2012-PR-2227 (Probate Court, City and County of Denver)(the "Probate Surcharge Action"). In the Probate Surcharge Action, Hy Blair alleged that the Debtor breached fiduciary duties and engaged in self-dealing with respect to the ARB Trusts, thereby justifying a surcharge against the Debtor. In addition to Hy Blair and the ARB Trusts, Christopher Blair and Audie Black joined in the Probate Surcharge Action. Thereafter, Christopher Blair became the sole trustee of the ARB Trusts in place of Hy Blair.

On March 27, 2015, the Probate Court entered its "Findings of Fact, Conclusions of Law and Order" in the Probate Surcharge Action (the "Probate Surcharge Judgment"). (Docket No. 32, Exhibit A.) The Probate Court determined that the Debtor has committed malfeasance, granted surcharge, and entered an award of damages against the Debtor in the amount of $2,372,688. Shortly thereafter, the Probate Court also froze the Debtor's assets.

During his lifetime, the Debtor contested the Probate Surcharge Action. Subsequently, he also appealed the Probate Surcharge Judgment. However, it is common ground that the entry of the Probate Surcharge Judgment and the related freeze order prompted the Debtor to seek bankruptcy protection.[1]

B.    The Bankruptcy Case.

On May 7, 2015, the Debtor filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code and initiated this case. Contemporaneously, the Debtor filed his Statement of Financial Affairs and Schedules. (Docket No. 3.)

    1.    The Creditors.

In his bankruptcy case, the Debtor listed just 6 creditors as follows:

| | |
|---|---|
| Audrey R. Blair Revocable Trust (Note Payable) | $1,034,673 |
| Christopher Blair (Damages for Probate Surcharge Judgment) | $2,372,688 |
| GHP Horwath, PC | $     5,082 |
| Dymond Reagor Colville, LP | $     2,732 |
| Capital One | $     1,557 |
| Safeco Homeowners Insurance | $     1,268 |

In addition, the Debtor listed Christopher Blair, Hy Blair, and Audrey Black, individually, in relation to the $2,372,688 Probate Surcharge Judgment for "notification" purposes. Thus, according to the Debtor's Schedules, the interests of the ARB Trusts (and/or Christopher Blair, Peter H. Blair, Jr., and Audrey Black) totaled 99.7 percent of all scheduled claims. Subsequently, Christopher Blair, Hy Blair, and Audrey Black also filed proofs of claim including additional amounts for legal fees and costs. The Internal Revenue Service also filed a poof of claim.

The net result of the foregoing is that the bankruptcy case started as primarily a "two party dispute," pitting the Debtor on the one hand against the interests of his children (*i.e.,* the ARB Trusts and Christopher Blair, Hy Blair, and Audrey Black) on the other hand.

Importantly, neither Suella Crowley Blair, the Peter H. Blair Retirement Trust #1, nor the Peter H. Blair Revocable Trust was listed by the Debtor as a creditor in this case. Further, neither Suella Crowley Blair, the Peter H. Blair Retirement Trust #1, nor the Peter H. Blair Revocable Trust has filed any proof of claim contending that they are creditors in this case.

---

[1] The foregoing discussion of the pre-petition Probate Surcharge Judgment is primarily for purposes of background. The Debtor (during his life), the Debtor's children and the ARB Trusts, and Suella Crowley Blair all acknowledged the existence of the Probate Surcharge Judgment (although as set forth above, the Debtor appealed the Probate Surcharge Judgment). *See* Docket No. 32, Exhibit A (copy of Probate Surcharge Judgment) and Docket Nos. 28 and 183 (discussions of the Probate Surcharge Judgement and certain uncontested background facts).

2. <u>The Early Bankruptcy Proceedings and the Debtor's Death</u>.

From the get-go, the Debtor's bankruptcy case was hotly contested. The Debtor and his children (including through the ARB Trusts) continued to engage in aggressive litigation. Virtually every motion filed by any party was opposed. (Notwithstanding, neither Suella Crowley Blair, the Peter H. Blair Retirement Trust #1, nor the Peter H. Blair Revocable Trust appeared in the early disputes.)

Among the myriad of motions, Christopher Blair, as Successor Trustee of the ARB Trusts, filed a "Motion for Appointment of Chapter 11 Trustee" (Docket No. 85) about two months after the commencement of the bankruptcy proceedings. The Debtor opposed the appointment of a Chapter 11 Trustee. (Docket No. 92.) Thereafter, Christopher Blair, as Successor Trustee of the ARB Trusts, filed a "Motion for Expedited Hearing on Motion for Appointment of Chapter 11 Trustee" (Docket No. 94) wherein the movant cited the Debtor's age, declining health and deteriorating capacity to serve as a debtor in possession under the Bankruptcy Code.

Meanwhile, and before a hearing on the Motion for Appointment of Chapter 11 Trustee was scheduled, the Court conducted a preliminary hearing on a "Motion for Relief from Automatic Stay" (Docket No. 78) filed by Christopher Blair, as Successor Trustee of the ARB Trusts. Counsel presented evidentiary proffers and legal arguments. Thereafter, the Court continued the hearing until the next day, July 24, 2015, to issue an oral ruling. (Docket No. 104.)

Tragically, the Debtor died on July 24, 2015. Just minutes before the continued hearing on the Motion for Relief from Stay, counsel for the Debtor filed a "Suggestion of Death." (Docket No. 106.) As a result, during the continued hearing, the Court extended its condolences to the Debtor's family, declined to issue an oral ruling on the Motion for Relief from Stay, and extended all pending deadlines to permit time for the parties to absorb their loss and consider the viability of the pending bankruptcy proceeding in light of the Debtor's death. The Court requested that the parties in interest file written Position Statements by August 7, 2015, and scheduled a Status Conference for August 14, 2015 to determine the direction of the bankruptcy case in light of the Debtor's death. The Court received only one timely Position Statement. (Docket No. 114.) Christopher Blair, as Successor Trustee of the ARB Trusts, asserted that a Chapter 11 trustee should be appointed and the bankruptcy case should continue in Chapter 11. *Id.*

3. <u>Post-Death Bankruptcy Proceedings and Conversion to Chapter 7</u>.

The Court conducted a Status Hearing on August 14, 2015. Counsel for the Debtor appeared, as well as counsel for Hy Blair, Christopher Blair, Audie Black, the ARB Trusts, and the United States Trustee. (Neither Suella Crowley Blair, the Peter H. Blair Retirement Trust #1, Peter H. Blair Revocable Trust, nor counsel for the foregoing appeared.)

Counsel for the Debtor candidly acknowledged that the bankruptcy case was "in limbo" given the Debtor's death and that no one was in control. (Transcript of August 14, 2015 Hearing

(Docket No. 274) [hereinafter, "Aug. 14 Tr."] at 12.)  Counsel for the Debtor further advised that a new probate case had been opened in the Probate Court for the City and County of Denver but that "no personal representative has been appointed in the probate case" (in part because of a contest with the Debtor's children in the probate case).  He stated that the appointment of a personal representative in the probate case "could be months… it could be a very long time." (*Id.* at 19.)  However, ultimately, Debtor's counsel confirmed that he "takes no position (because [he] cannot without client direction)" regarding the future direction of the bankruptcy proceedings.  (Docket No. 117.)    At the hearing, counsel for Hy Blair, Christopher Blair, Audie Black, the ARB Trusts argued that a Chapter 11 trustee should be appointed and the bankruptcy case should continue in Chapter 11.  The United States Trustee took no express position in the hearing except to contend that a fiduciary needed to be in charge of the bankruptcy case.  The United States Trustee further indicated that it was "sensitive" to the request of Hy Blair, Christopher Blair, Audie Black, the ARB Trusts since together they represented a great majority of the creditors.

At the conclusion of legal arguments, the Court ruled at length on a host of pending matters.  (*See* Docket Nos. 119, 120, 121, 122, 123, 124, 125, 126 and 127; *see also* Aug. 14 Tr. at 53-80.)  Regarding the future path of the bankruptcy case, the Court determined that "no one's interests are served by being in limbo" and "it's critical that someone is at the helm."  As a result (and for the detailed reasons recited in the Court's oral ruling), the Court granted the "Motion for Expedited Hearing on Motion for Appointment of Chapter 11 Trustee" (Docket No. 94) and set the "Motion for Appointment of Chapter 11 Trustee" (Docket No. 85) for an expedited hearing on August 19, 2015.  (*Id.*)  Further, the Court advised that it "will consider whether this case should be dismissed or converted to Chapter 7.  The Court will accept briefing on such matters." (Docket No. 119.)  One of the reasons the Court noted for conducting an expedited hearing (rather than ruling on the spot) was to protect due process interests and "provide a further opportunity to receive additional information" on the issues of potential dismissal, conversion or appointment of a Chapter 11 trustee.  As it relates to Suella Crowley Blair, the Court noted:

> I also want to provide an opportunity for parties that have applied
> to be the personal representative in the probate case [Suella
> Crowley Blair]; those who have applied might wish to try to advise
> the Court of their position.  I'm not prejudging whether they have
> standing or not, but by allowing a short period of time, at least we
> can try to protect due process interests and to receive some further
> information on the issue.

(Aug. 14 Tr. at 79.)

Prior to the scheduled expedited hearing, the Court received additional submissions.  The United States Trustee filed a Response supporting appointment of a Chapter 11 Trustee.  (Docket No. 128.)  Christopher Blair, as Successor Trust of the ARB Trusts, filed an additional supporting brief.  (Docket No. 129.)  And, for the first time, Suella Crowley Blair appeared in the bankruptcy case via a "Statement of Position."  (Docket No. 130.)  She identified her capacity as "surviving spouse of the debtor, Peter H. Blair, and nominee personal representative under the

5

Last Will and Testament of Peter H. Blair." *Id*. She advocated dismissal of this bankruptcy case.

The Court conducted the expedited hearing on August 19, 2015. (Transcript of August 19, 2015 Hearing (Docket No. 185) [hereinafter, "Aug. 19 Tr."].) Counsel for Hy Blair, Christopher Blair, Audie Black, the ARB Trusts, the United States Trustee all argued for the appointment of a Chapter 11 trustee (or alternatively, conversion to Chapter 7 liquidation). Counsel for Debtor (who was without a client) could take no formal position but seemed to advocate for dismissal. Counsel for Mrs. Crowley Blair argued for dismissal.

Regarding the position of Suella Crowley Blair, counsel for Mrs. Crowley Blair presented legal argument. He did not object to the timing of the hearing, did not raise due process concerns and did not request an evidentiary hearing. The Court listened to Mrs. Crowley Blair's legal arguments but also raised a number of questions designed to elicit information concerning her capacity and standing. The following dialogue is illuminating regarding Mrs. Crowley Blair's role:

> Court: …. But I do want to ask in terms of standing and what, if any, weight I should give to the views and interests of your client [Suella Crowley Blair]. **Is your client a creditor in the bankruptcy case?**
>
> Berardini: **No your honor.** She's a beneficiary.
>
> Court: Okay. So is she a party? Should I consider her a party and weigh her interests here in this case? ....
>
> Berardini: **I'm not suggesting you need to weigh Suella Crowley Blair's interest.**

Aug. 19 Tr. at 43-44 (emphasis added).

After receiving the submissions of the parties, the United States Trustee and Suella Crowley Blair, the Court took a recess and then issued a detailed oral ruling on the pending issues of dismissal, conversion or appointment of a Chapter 11 trustee. The Court ordered conversion on this bankruptcy case from Chapter 11 to Chapter 7. (Docket No. 141); (*See also* Aug. 19 Tr. at 51-74.) Thereafter, Jeffrey A. Weinman was appointed as the Chapter 7 estate of the Debtor. (Docket No. 143.)

As it relates to Suella Crowley Blair, the Court noted in its bench ruling:

> Mr. Berardini conceded that Mrs. Suella Crowley Blair is not a creditor in this case, and she's not listed in the schedules. And the concession went so far as to say that she's not a party in the case. And the Court believes that is correct, that she's not a creditor and she's not a party. And as a result, while I appreciate and

>considered her submissions, I give them little to no weight in terms of balancing interests as part of the analysis of the best interests of creditors, or the estate.

(Aug. 19 Tr. at 62-63).

### C. The Motion to Intervene and Motion to Reconsider.

On September 2, 2015, Suella Crowley Blair filed the Motion to Intervene and the Motion to Reconsider, both of which are pending before the Court for determination. Suella Crowley Blair presented the Motion to Intervene "as Trustee of the Peter H. Blair Retirement Trust #1, as Trustee of the Peter H. Blair Revocable Trust, and as nominee personal representative in Probate Case No. 2015PR30947." Neither the Peter H. Blair Retirement Trust #1 nor the Peter H. Blair Revocable Trust was disclosed by the Debtor in his Statement of Financial Affairs or Schedules. Further, neither entity was identified in Suella Crowley Blair's prior "Statement of Position" (Docket No. 130) nor during the August 14 nor August 19, 2015 hearings. Regarding her status as "nominee personal representative," the Motion to Intervene concedes that the appointment has been contested and that she is not currently the appointed personal representative. In any event, through the Motion to Intervene, Mrs. Crowley Blair requests authorization to "intervene generally" in this case.

The Motion to Reconsider alleges that the Court's "Order Converting Case Under Chapter 11 to Case Under Chapter 7" (Docket No. 141), which was based upon the Court's more detailed oral ruling, is erroneous based upon myriad grounds. The Motion to Reconsider is dependent upon the Motion to Intervene. That is, if the Motion to Intervene is denied, the Court need not decide the merits of the Motion to Reconsider since Suella Crowley Blair would have no standing to attack the conversion from Chapter 11 to Chapter 7.

Given the gravamen of the Motion to Intervene and Motion to Reconsider, as well as for purposes of due process, the Court conducted a hearing on the pending matters on October 27, 2015. (Docket No. 288.) Prior to the hearing, the Probate Court for the City and County of Denver appointed Melissa Schwartz as a Special Administrator for the Estate of Peter H. Blair in the separate probate case (at least on a temporary basis). (Docket No. 252.) Neither the Special Administrator nor the Chapter 7 Trustee took a position at the hearing. However, Hy Blair, Christopher Blair, Audie Black, and the ARB Trusts opposed both the Motion to Intervene and Motion to Reconsider.

### IV.  FACTS CONCERNING MOTION TO INTERVENE

At the hearing on October 27, 2015, counsel for Suella Crowley Blair made a number of factual assertions concerning her capacity. The Court accepted such statements for purposes of the hearing as an evidentiary proffer. Mrs. Crowley Blair did not request an evidentiary hearing. The parties opposing the Motion to Intervene and Motion to Reconsider (Hy Blair, Christopher Blair, Audie Black, and the ARB Trusts) noted the factual proffer concerning Mrs. Crowley Blair's status. They alleged that they did not have copies of relevant trust documents and records. However, for purposes of the hearing and considering the Motion to Intervene only, the

7

opposing parties indicated that the Court could decide the issue of intervention based upon Suella Crowley Blair's proffer.[2] Neither Hy Blair, Christopher Blair, Audie Black, nor the ARB Trusts requested an evidentiary hearing.

Based upon the foregoing, and for purposes of the Motion to Intervene only, the Court bases its decision on the following facts alleged or otherwise conceded by Suella Crowley Blair:

1. Suella Crowley Blair is the Debtor's surviving spouse.

2. Suella Crowley Blair is not a creditor of the Debtor.

3. Suella Crowley Blair is not a party in interest in the bankruptcy case.

4. The Debtor listed an Individual Retirement Account in the amount of $3,286,364.18 as an asset of his bankruptcy estate on his Schedule B (the "IRA").

5. The Debtor claimed the IRA as exempt on his Schedule C.

6. The primary designated beneficiary of the IRA is the Peter H. Blair Retirement Trust #1 (the "Retirement Trust").

7. Suella Crowley Blair is the Trustee of the Retirement Trust.

8. Suella Crowley Blair is the beneficiary of the Retirement Trust.

9. Suella Crowley Blair is the secondary designated beneficiary of the IRA. As a secondary designated beneficiary, if the IRA is exempt but does not pass to the Retirement Trust as the primary designated beneficiary, then the IRA could pass to Suella Crowley Blair.

10. Suella Crowley Blair has applied for approval of her appointment as personal representative of her husband's probate estate in Case No. 2015PR30947 pending in the Probate Court for the City and County of Denver (the "2015 Probate Case"). The Probate Court has not approved such appointment at this time. Instead, the matter is contested and still pending.

11. Melissa Schwartz has been appointed by the Probate Court as a Special Administrator for the Estate of Peter H. Blair in the 2015 Probate Case (at least on a temporary basis).

---

[2] Hy Blair, Christopher Blair, Audie Black, and the ARB Trusts otherwise reserved all of their rights to contest such factual assertions in the future if necessary.

V. LEGAL ANALYSIS AND CONCLUSIONS OF LAW

A. Motion to Intervene.

Suella Crowley Blair advances Fed. R. Bankr. P. 2018(a) as the sole legal basis for her Motion to Intervene. Fed. R. Bankr. P. 2018(a) states:

> Permissive Intervention. In a case under the Code, after hearing on such notice as the court directs and for cause shown, the court may permit any interested entity to intervene generally or with respect to any specified matter.

Permissive intervention under Fed. R. Bankr. P. 2018(a) "provides Bankruptcy Courts with a mechanism to allow entities that do not technically qualify as 'parties in interest' to participate in proceedings when such participation is necessary to protect the entities' interests." *Southern Boulevard, Inc. v. Martin Paint Stores (In re Martin Paint Stores)*, 207 B.R. 57, 62 (S.D.N.Y. 1997); *see also Int'l Trade Admin. v. Rensselaer Polytechnic Inst.*, 936 F.2d 744, 747 (2nd Cir. 1991) (Fed. R. Bankr. P. 2018(a) "provides a formal mechanism that expands the right to be heard to a wider class than those who qualify under the 'person aggrieved' standard"); *In re Ezell*, 338 B.R. 330, 342-43 (Bankr. E.D. Tenn. 2006) (same).

With respect to the "cause" requirement in Fed. R. Bankr. P. 2018(a), courts considering permissive intervention look to a variety of factors including: "(1) whether the moving party has an economic or other similar interest in the matter; (2) whether the interest of the moving party [is] adequately represented by the existing parties; (3) whether the intervention will cause undue delay in the proceedings; and (4) whether the denial of the movant's request will adversely affect their interest." *Pasternak & Fidis, P.C. v. Wilson*, 2014 WL 4826109 (D. Md. 2014); *Matter of Russell Corp.*, 156 B.R. 347, 349 (Bankr. N.D. Ga. 1993) (*citing In re Torrez*, 132 B.R. 924 (Bankr. E.D. Cal. 1991)).

As is apparent from the title of the provision — "permissive intervention" — and the word "may" in the text of the rule, decisions regarding intervention under Fed. R. Bankr. P. 2018(a) are very much within the Court's broad discretion considering the context of the case. *See Ezell*, 338 B.R. at 343 ("decision to allow intervention is within the court's discretion"); *Addison Cmty. Hosp. Auth.*, 175 B.R. 646, 651 (Bankr. E.D. Mich. 1994) ("Granting permissive intervention is within the court's discretion."); *In re Ionoshpere Clubs, Inc.*, 101 B.R. 844, 853 (Bankr. S.D.N.Y. 1989) (same).

1. Economic or Other Interests.

In this case, Suella Blair presents her Motion to Intervene in her capacity as alleged Trustee of the Retirement Trust, as Trustee of the Peter H. Blair Revocable Trust (the "Revocable Trust"), and as nominee personal representative in the 2015 Probate Proceedings. She requests to "intervene generally" rather than limiting her intervention to "any specified matter." Although the question is close, on balance the Court determines that Suella Crowley Blair does not have sufficient interests to intervene generally.

9

Regarding Suella Crowley Blair's alleged economic or other similar interests, they are too indirect or attenuated to merit general intervention. She admits that she is not a creditor. She also is not a party in interest. At the August 19, 2015 hearing, her counsel conceded that the Court did not need to weigh Suella Crowley Blair's interests in deciding whether to dismiss, convert or appoint a Chapter 11 trustee. These concessions are compelling and weigh strongly against permissive general intervention.

Now, Mrs. Crowley Blair's principal argument boils down to the Debtor's IRA. She states: "there will be rulings in this case that adversely affect her interest in the IRA; that's the bottom line." (Transcript of October 27, 2015 Hearing (Docket No. 289) [hereinafter, "Oct. 27 Tr."] at 18.)[3] Mrs. Crowley Blair centered her oral argument on the IRA and identified the IRA as "primary --- because considering the dollars at stake that is the primary issue." *Id*. at 26. At another stage in this case, Mrs. Crowley Blair's counsel appeared to suggest that she was the direct designated beneficiary of the IRA. However, that is not the case. Instead, Mrs. Crowley Blair now has identified the Retirement Trust as the primary designated beneficiary of the IRA. Accordingly, her personal interests appear to be indirect and contingent. If the IRA is deemed exempt, then the IRA asset may revert to the Retirement Trust, not Suella Crowley Blair. It is true that she is the beneficiary of the Retirement Trust, but that is a step removed. Also, although she is a secondary designee beneficiary, that interest is contingent on the Retirement Trust not receiving the IRA asset in the first instance.

While the Court does not believe that Mrs. Crowley Blair has sufficient individual interests to intervene generally, the Retirement Trust is the primary designated beneficiary of the IRA. As a result, adjudication of exemption issues affecting the IRA likely would impact the Retirement Trust's economic position. However, on balance, the Court determines that such interest is not sufficient for general intervention in the administration of this Chapter 7 case. Instead, the Court believes that the Retirement Trust would have a strong argument to intervene with respect to a discrete and specified matter: objections to exemption of the IRA. But that is not presently before the Court — the current request is for general intervention.

As far as any other potential economic interests, Suella Crowley Blair also requests intervention as "nominee personal representative" in the 2015 Probate Case. However, she is not currently the personal representative in the 2015 Probate Case. That issue is contested. In the meanwhile, Melissa Schwartz has been appointed by the Probate Court as a Special Administrator for the Estate of Peter H. Blair in the 2015 Probate Case (at least on a temporary basis). In any event, on an economic basis, Mrs. Crowley Blair's position as a beneficiary of the

---

[3] In the Motion to Intervene, Suella Crowley Blair also referred to the Revocable Trust. She claimed that "[t]he corpus of the [Revocable Trust] consists of Mr. Blair's remaining assets including his interest in [Blair Oil Investments, LLC]." At oral argument, counsel for Mrs. Crowley Blair conceded that contention was incorrect. *Id* at 24. He also conceded that the interests of the Revocable Trust "would have nominal value." *Id*. Finally, he asserted that Suella Crowley Blair, not the Revocable Trust, had "the right to inherit" the Debtor's interests in Blair Oil Investments, LLC ("BOI"), an entity 100% owned by the Debtor. *Id*. The record on these alleged interests is contradictory and under-developed. In any event, the Debtor's ownership of BOI would appear to be an asset of his bankruptcy estate that has never been asserted to be exempt. BOI is in a separate Chapter 11 bankruptcy proceeding. Accordingly, the Court is not able to rely on such alleged interests to support permissive intervention.

probate estate also is so indirect and attenuated that it does not justify general intervention in this bankruptcy proceeding.

    2.    <u>Adequate Representation</u>.

Adequate representation by existing parties is another factor for consideration. As it relates to the 2015 Probate Case, Suella Crowley Blair's request for general intervention appears unnecessary given the role of the Special Administrator. It is the Special Administrator who currently has fiduciary duties with respect to the 2015 Probate Case. The Special Administrator has not sought general intervention in this case and has not sought reconsideration of the Court's conversion of the case from Chapter 11 to Chapter 7. To allow Suella Crowley Blair to pursue such general intervention, on the basis of her role as "nominee personal representative," would appear to undercut the role of the Special Administrator and could potentially interfere with the prosecution of this case and the 2015 Probate Case. Of course, if Mrs. Crowley Blair ever is approved as personal representative in the 2015 Probate Case, then such change might allow a different role in this case.

Regarding the Retirement Trust's economic interest in the IRA, the Court finds that there is no other party adequately representing such interest. If the IRA is exempt, then, by all accounts, it would revert to the primary designated beneficiary (the Retirement Trust) rather than to the probate estate in the 2015 Probate Case. Accordingly, the Special Administrator would not appear to adequately represent the Retirement Trust's interests. On the other hand, it is the Retirement Trust which would be motivated to defend the Debtor's claim of exemption. Again, the Retirement Trust may have a strong argument for limited intervention on the specific issue of defending any objection to the exemption claimed in the IRA.

    3.    <u>Undue Delay and Adverse Impact</u>.

Undue delay and adverse impact are additional factors to consider in the permissive intervention calculus. In this case, the Court is concerned that allowing Suella Crowley Blair the right of general intervention in the administration of this case would cause undue delay in the prosecution of the Chapter 7 liquidation to the detriment of the creditors and other parties in interest. Contrawise, the Court ascertains little to no adverse impact directly to Suella Crowley Blair should she be excluded from general intervention in this case. If there are discrete and specific matters which merit limited intervention, that possibility may be available. Furthermore, the Retirement Trust potentially may seek limited intervention in connection with objections to exemption of the IRA.

    4.    <u>Conclusion</u>.

The Court has carefully weighed the history of the case, the role of the respective parties, the typical intervention factors, and the need for economic and efficient administration of the bankruptcy proceedings. On balance, the Court determines that Suella Crowley Blair has not met her burden to justify general intervention either individually or in her capacity as Trustee of the Retirement Trust, Trustee of the Revocable Trust, or nominee personal representative in the

2015 Probate Proceedings.  (This determination is without prejudice to future potential limited intervention on issues such as objections to the exemption of the IRA.)

B.    Motion to Reconsider.

Suella Crowley Blair requests that the Court reconsider and vacate its "Order Converting Case Under Chapter 11 to Case Under Chapter 7" (Docket No. 141).  The Motion to Reconsider is dependent upon the Court granting the Motion to Intervene.  For the reasons set forth above, the Court has determined that Suella Crowley Blair shall not be permitted to generally intervene in this Chapter 7 liquidation.  This determination applies equally to the Motion to Reconsider.  Mrs. Crowley Blair is not a creditor, is not a party in interest, and has not been permitted to intervene generally to prosecute the Motion to Reconsider.  Accordingly, the Motion to Reconsider must be rejected on that basis.  Given this disposition, it is not necessary for the Court to address the myriad of issues posited in the Motion to Reconsider on the merits.

V.    CONCLUSION

For the reasons set forth above, the Court:

DENIES the Motion to Intervene; and

DENIES the Motion to Reconsider.

DATED this 11th day of January 2016.

BY THE COURT:

Thomas B. McNamara,
United States Bankruptcy Judge